Good morning, your honors. My name is David Cohen. I represent the petitioner. And I did get the notice on the case Lopez-Hakinda. And basically, I think that the Lopez-Hakinda should be limited to its facts. There were two issues that were raised there, whether gun possession is required for a felony to be aggravated, whether there's some type of amount requirement relating to pseudofedron. But the arguments that we're raising here about Section 1101-A43-B were not raised in that particular opinion. And with respect to that opinion, I don't think that the court there has decided or addressed any of these arguments. For example, this Court has decided the case of United States v. Arturo Carlos Figueroa Ocampo at 494 F. 3rd, 1211. Excuse me. Mr. Cohen, as I look at the Hakinda v. Holder case, it seems to me it's utterly dispositive of this case. How is this not the case? You're arguing another case, but this case deals with exactly the issue we have here, doesn't it? I'm arguing another case to explain that that particular case should be limited to its facts. In other words, there is absolutely nothing in the statutory scheme and in any of the analysis before this that indicates that the first prong is satisfied, the first prong that it has to be a controlled substance offense in the first instance before we get to drug trafficking can be satisfied by possession of a list one chemical. And the statute itself that's in front of the court says very clearly in subsection 6 of 43 that term controlled substance means a drug or other substance defined under 21 USC section 812, sometimes referred to as section 102 of the INA. But that definition of controlled substances is controlled substances and immediate precursors. And as we pointed out — But, Lopez, doesn't that say that either definition will suffice? What Lopez says and what the other cases from the Ninth Circuit, Cesares-Yucutierrez, Rivera-Sanchez, what they say is that there's two requirements, okay? They all talk about first it has to be a drug case. It has to be a controlled substances case. And then we figure out what's the definition of trafficking. That's what this whole appeal is about, what's the definition of trafficking. But there's a primary requirement. And looking at the language, I can read Cesares-Yucutierrez verbatim. It says the primary — the first thing that the court has to look at is was it a controlled substances offense. That's why every one of these cases that we've talked about and that have been cited, and even the BIA, all talk about the fact that first it's got to be a controlled substances offense. And the BIA — and the INA itself defines controlled substances offense as an offense involving controlled substances that is in the schedules that are listed in 841 or immediate precursors. And list one chemicals are in a totally different place. So the reason I'm getting to this other — the other case that I was citing is that that case indicates, Your Honors, that there's an absolute identity between how this Court interprets 2L1.2 of the guidelines, what is an aggravated felony for the purposes of 1326, and what's an aggravated felony for the purposes of the immigration laws. Section 1101A.43b is incorporated into the guidelines. Now, in previous incarnations of the guidelines, the definition of controlled substances did not include list one chemicals.  Looking at, for example, Section 4B.1.2 of the guidelines — and these guidelines have been approved by Congress. They're advisory, but they're instructive. The Census Commission chose to amend 4B.1.2 to add list one chemicals and specifically did not amend 2L1.2, the guideline applicable to aggravated felonies for the purposes of 8 U.S.C. Section 1326, to include list one chemicals. That's because the Commission well knew when it looked at this language that when the Controlled Substances Act and the INA incorporates the language or the definition of controlled substance, the issue is, is what is a controlled substance? That's the first and primary issue. Now, this particular case that the Court asked us to discuss, decided in April, is the only case to my knowledge that I've seen in any circuit that kind of assumes, without even addressing our issues, that a possession of a precursor with intent to manufacture is a controlled substance offense. The other point is, is that — But it does say that. Well, it implies that. I mean, it — It says that. Its decision is based upon that premise, but the decision is based upon — that's not the argument that was in front of the BIA. The BIA was presented with two arguments, as I said earlier. The one argument that there has to be a gun involved. The other argument that there has to be some limited quantity of pseudofedrin involved. That was rejected. Now, there are cases that this Court has decided that this Court should be — limit its determinations to what the BIA has decided. But in any event, in that case, the Court did look specifically at what the BIA decided and said the BIA was not — BIA was not wrong as far as it went. As far as it went. Okay? So I think it's important. And this case was submitted — the final — the reply brief was submitted at the end of 2007, and here we are sometime in 2010. This particular case came down in April of 2010, the Akinde case. And it seems — it seems to me that given all that and given what I believe to be the clear decisions and all — the clear rulings by this Court in all of its cases, Cesares-Gutierrez, Rivera-Sanchez, even the Lopez case, all the cases all talk about the first crime has to be a drug crime. What is a drug crime? How is that defined? A drug crime clearly is not under any of these statutory schemes, under the guidelines in any way. A drug crime, a controlled substances crime, has never been defined or has never been held to be and is specifically not held to be a possession of a list chemical with intent to manufacture. This particular statute that we're talking about here isn't even possession of methamphetamine with intent to manufacture. I'm sorry.  It's possession of a list one chemical with reasonable cause to believe that it will be used to manufacture methamphetamine. As pointed out in our opening brief and as the Kim case indicates, there isn't any — that statute doesn't even require intent to manufacture. All it requires is that a distributor distribute lawful over-the-counter medications, as in this case, mini-thins and pseudo-thins from a store. So there's absolutely nothing in the conviction, there's nothing in the statute that talks about a controlled substance, that talks about a person manufacturing a controlled substance, using what's in their possession to manufacture a controlled substance. And that's an additional reason why, particularly with respect to C-2, the Hekinde case, which talks about C-1, is not dispositive. But that's really an alternative argument. I mean, my main point is that to the extent that that case deals with all these arguments, really this Court or some Court should deal with what we're talking about here. What's the definition of aggravated felony? What's the definition of the statute? And is it true that every single conviction under the Controlled Substances Act is automatically an aggravated felony? Or are there two prongs? Now, the Supreme Court of the United States has decided three different cases on this particular statute, 1101A43B, Lopez, and two subsequent cases, the most recent one being decided just recently, in June of this year. And the Supreme Court has over and over again adhered to its very strict construction of the statute, has talked about statutory language, has talked about rules of statutory construction, that one must give effect to each clause, that clauses are not in statutes for superfluous reasons, as we've argued. And, again, I think that the most recent Supreme Court case, the Karachuri-Rosendo case, is another example of why our argument for the statutory construction here should be looked at very clearly by this Court. In any event, I'd ask the Court, I'm in a reserve of time, but I'd ask the Court to permit me to submit a 28-J letter with these other authorities that I'm talking about, or at the very least to file, given the length of time that's passed, and the fact that I really don't think that this case is dispositive. And I can't in my time and 15 minutes go point out to the Court all the cases, all the quotes, and all the statutory citations. I'd ask for the Court to consider allowing me to submit a supplemental brief as to why I don't think this case is dispositive. And it should be limited to its facts. I don't think this is a case that should be decided en banc. I think this is a case where this Court has the ability right now, given the jurisprudence previously and the fact that this Kenday case could be limited to its facts, to decide the statutory issue of construction, which is important not only to this case, but for the entire circuit.  Okay. Why don't we hear from the government, and we've got some time. May it please the Court. Melissa Nyman-Kelting for the United States Attorney General. I'd like to begin. I need to take issue with counsel's interpretation of the issue presented in this case. I believe he said the whole appeal is about what is the definition of trafficking. Respectfully, the issue in this case comes down to one simple inquiry. Was Mr. Das convicted of any felony under the Controlled Substances Act? Because the answer to that question is yes, this Court must find that he was convicted of a conviction that constitutes an aggravated felony under the INA, and it must affirm the Board's decision. There's no dispute, and indeed Petitioner concedes as much in his opening brief at pages 8, 11, and 22, that he was in fact convicted of a felony under the Controlled Substances Act. The dispute — Now, are you relying for your argument on 1101A43B, illicit trafficking in controlled substances, including a drug trafficking crime? Yes, Your Honor. That's right. The statute, the Immigration and Nationality Act, does define drug trafficking crime by reference to 924C2, and it is that provision that gives us the definition of not just a felony under the Controlled Substances Act, any felony under the Controlled Substances Act. But as I read this, and I'm just going to stay with the language of the text, illicit trafficking in a controlled substance. Now, was he trafficking in a controlled substance? Well, that was not the position taken before the agency. Here the basis for the aggravated felony finding was that he was convicted of a drug trafficking crime. But I think I see where Your Honor is going. Well, where I'm going is that as I read this, illicit trafficking in a controlled substance is the overall category, and that includes a drug trafficking crime. And if the overall inclusive phrase is trafficking in a controlled substance, if I read that as including the lesser drug trafficking crime, you don't have a freestanding definition of drug trafficking crime. If it's not trafficking in a controlled substance, you're gone right there. How do you respond to that? I'm just reading the text. How do you respond to that argument? I understand. And I think that that point is foreclosed by this Court's recent case in Lopez-Hacunde where it clearly says, I believe, at page 1217 of that opinion, that this Court's precedent, or jurisprudence, rather, has ultimately concluded that it comes down to two roots, and that's the terminology that this Court has used, is two roots. But his argument, and it's a real argument, is that our panel in that case assumed that this was a drug trafficking crime, and that wasn't the argument. The argument was whether or not a firearm was required. So it's quite clear. I mean, I'll just read the opinion. BIA held that his state felony conviction for possession of a pseudoephedrine was a drug trafficking crime. He argues that the drug trafficking crime, as defined by the Federal statute, requires use of a firearm. So the entire argument in that case was not whether or not this was a drug trafficking crime because it was or was not a controlled substance, but rather because it involved a firearm. So that's not what they thought they were deciding. They were assuming a position that's consistent with yours, but that's not what they thought they were deciding. That's correct, Your Honor. That was not the precise issue in this case. But I think leading down to the ultimate conclusion, following Your Honor's hypothetical there, in order to find that, to parse out the meaning of 1011A43B, you have to find that drug trafficking crime modifies illicit trafficking in a controlled substance such that in order to be found as an aggravated felon under this provision, he had to in fact have been convicted of a felony under the Controlled Substance Act that involved controlled substances would read more into the statute than what Congress has included. I'm just looking at the text. It says includes. Now, includes is a lawyer's word with which we are very familiar. Lesser included offenses and so on. Includes means something that comes under the category, within the category, not something different. So the second phrase, includes drug trafficking crime, has to come within trafficking in a controlled substance. And if he wasn't trafficking in a controlled substance, that is to say if these thin mints, whatever they are, are not controlled substance, how do you win? I believe I win, Your Honor, by giving every word in the statute its due meaning. And the definition also says any felony under the controlled, referencing 924C2 for drug trafficking crime, which is what the INA clearly represents. Where are you reading that? I'm starting in 1101A43B, second clause, including a drug trafficking crime, as defined in section 924C of Title 18. But you had the word any. Where does that come from? That's where I go when I look for the definition of drug trafficking crime, as defined in 924C. It says it means any felony punishable under the Controlled Substances Act. If Congress said any. I see. So you're saying really then that including doesn't mean that sense of it's a lesser included. That's a freestanding clause in your view. I think that's right, Your Honor, because here the word any includes is broad. Congress clearly, if it had wanted to when it amended the statute in 1988, could have added a modifier and said except for offenses involving non-controlled substances offenses. They chose not to do that. They went entirely to the preexisting definition of drug trafficking crime, which existed in 924C2, chose not to modify it. And all the time that has happened with all of the amendments that have happened to the Immigration Act in the intervening years, they have not tinkered with that definition. As I understand it, Mr. Doss has previously been before us and in 1999, and that in fact that panel specifically found that ephedrine and pseudoephedrine are precursor chemicals used to manufacture methamphetamine, a controlled substance, which doesn't that wrap it up in terms of what was involved in this case that brings it within the Controlled Substances Act? I think that's right, Your Honor. We are not here to relitigate the underlying merits of his conviction. Normally when this Court is presented with a question about a controlled substance aggravated felony, it's comparing the elements of a state statute to the Federal offense. We jump right to the Federal offense because there's no question here that this validity of Mr. Doss' conviction was heavily litigated insofar as a cert petition was filed with the Supreme Court, which the Court declined to take it up on cert. So there's no dispute that Mr. Doss was, in fact, convicted of a Federal offense under the Controlled Substances Act for possessing or distributing a list chemical with reason to believe that it would be used to manufacture a controlled substance. So I think that to the extent that he would like to have some wiggle room to the fact that now, well, this isn't really a controlled substance. It's a non-controlled substance, and that's not included within the ambit of the statutory language. His arguments are unavailing because they cannot counter the clear language that Congress used in 924C2 in defining a drug trafficking offense, which is any felony under the Controlled Substance Act. In light of the fact that this case comes down to a plain language interpretation of the statute and is controlled by Lopez-Yacunde, given the fact that that clearly establishes that this Court looks at aggravated felony controlled substances under either if it involves illicit trafficking in a controlled substance or if it involves a drug trafficking crime. I wish they'd said or instead of including. It is true that perhaps Congress was not as precise as it could have been, but that would not be the first time that that has happened in an immigration statute, Your Honor. It is shocking. It is shocking, and I'm sure we'll never see it again. But I would submit that we do not need supplemental briefing on this issue. The position was clear prior to Lopez-Yacunde. All that does is shore up the government's position that this case can be decided in the plain language of the statute. And in fact, because drug trafficking crime is a felony punishable under the Controlled Substance Act, and he was in fact convicted of this felony, he is therefore an aggravated felon under the Immigration and Nationality Act, and the board or rather this court should affirm the board's decision. If there are no further questions, I will submit the case on our brief. Thank you, Your Honors. Respond. Thank you. With respect to Judge Smith's point, the issue before the Ninth Circuit previously was whether the minitins and pseudotins were the same as List I chemicals. The issue before the court was not whether or not List I chemicals are a controlled substance. But they are. They're not. They're not. Please look at 21 U.S.C. section 802.34, section 802.6, and 802.23, and the court will find that controlled substances and their immediate precursors are defined in schedules that are attached to section 102 of the Controlled Substances Act. List I chemicals are not controlled substances. They're specifically made not controlled substances by the Act, and that issue was never disputed before the Ninth Circuit originally, Your Honor. So they're just simply not. There's no dispute here. These are List I chemicals, and the Lopez case makes it really clear that there has to be an element of distribution or dissemination in order for there to be trafficking. And while we may joke about how Congress may not have been clear, the fact of the matter is that the recent Supreme Court case, Karachari-Rosendo, makes very, very clear that the rule of lenity applies in the immigration context. If it's not clear, if we have that basic question, and we conceded this in our briefs, we pointed this out in the briefs, as Your Honor has said, as Judge Fletcher has said, if it said or, that would be the end of the story. If it says or, you lose. We lose. But it doesn't say or. It says including. And these cases from the Supreme Court, one after another, including the one in June, say you've got to give meaning to every word in the statute. The government's reading of the statute, and they say in these cases, does not make sense with the way we use language. That's exactly what Justice Souter, I believe, said in the Lopez case. And that's what was said again in June by the Supreme Court. That language was quoted. We have to give the statute its plain meaning. We can't have clauses that don't make any sense. The reason why controlled substances as defined in Section 102 is in that statute is because this Court is supposed to give it meaning. That's why it's there. Possession of a federal or pseudo-federal does not. This argument, though. Okay. Including a drug trafficking crime, and then it says as defined, you want me to say including only those aspects of 924C that qualify as trafficking in a controlled substance. That's not what we're arguing, and we set it forth. I don't want to take a lot of time, but we set it forth in detail. The reason we argue it in our briefs, what we're saying is, is that the first clause before including says it's got to be in a controlled substance. It's got to be trafficking in a controlled substance. And the including defines a subset of the universe of trafficking, not a subset of the universe of controlled substance. There's got to be a controlled substance. I understand that point, but I'm trying to make a counterargument to that. I mean, this is a hard case for me. So including drug trafficking crime as defined in, but as defined in is broader than trafficking in a controlled substance, which is the basic problem. So they're saying including some but not all of section 924C? I believe that what my argument is, Your Honor, is that, like I say, there's got to be a controlled substance and that only those sections of 924C that relate to controlled substance. So including some but not all. That's why we set forth in our briefs that there are a whole number of sections of 924C that are violations that require fines or that require, that are misdemeanors. And then on the second offense, as we just saw in June, it becomes a felony. We have regulatory offenses having to do with reporting that are felonies in the first instance that have nothing to do with controlled substances that have to do with violating other sections of Title 21 having to do with Congress's desire to regulate the dispensation or the distribution of lawful drugs or lawful chemicals. It cannot be. Aggravated felony. Again, this is a drug trafficking crime. There's no question about that. The question is, is it an aggravated felony? As Lopez makes clear and as the Supreme Court made clear again in June, aggravated felony is controlled substances plus. There are cases in the legislative history talking about murder, violence. There's got to be something more, and that's why. That's why. There's no way that Congress meant, and we talked about how the Congress amended the statute. Exactly. We went through the legislative history in the briefs. Congress amended the statute to make clear that there's a controlled substances requirement, and then later on there's a trafficking requirement. All the cases, including Lopez, including the cases in this circuit, have said over and over again that it's got to be, that there's two ways to get there, but you've got to start with a drug crime. And the one thing about the recent cases, it doesn't say drug crime. Just expired. Your time. You haven't personally expired. Time has just expired. Why do you take a minute to wrap up? I gather your point is that Congress messes up the law and the Supreme Court is clear? Is that what you're saying? What I'm saying is that Congress uses language that means what it says. And if it's unclear, then the Supreme Court has said two things. One, we're going to give it meaning, that's its most logical and clear meaning, which we've argued for here. Congress write the laws or the staff? And number two, that Congress, to the extent it promulgates a law in this context that's unclear, the rule of lenity clearly applies. Once again, because this is a hard case and because I really – maybe, Your Honor, we're thinking that this case disposes of it. I really don't think it does. I urge the Court, again, to consider my application for some additional authorities, maybe a short brief to explain where my points are. If we want additional briefing, we'll send out an order to that effect. I understand, Your Honor. As in such an order, we don't need any. I'd appreciate it. Thank you. Thank you, both sides. Das versus Holder now submitted for decision. At this point, we will take a ten-minute break and then reconvene.
judges: Todd, Fletcher W. , Smith M.